# EXHIBIT 2

AMERICAN ARBITRATION ASSOCIATION | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

## AMERICAN ARBITRATION ASSOCIATION

In the Matter of the Arbitration between

Case Number: 01-23-0000-0718

| | |
|---|---|
| Brian Wynder, | Claimant |
| -vs- | |
| JP Morgan Chase Bank, | Respondent |

### AWARD OF ARBITRATOR

I, Bruce W. Bennett, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the Arbitration Agreement entered into by the above-named parties on November 3, 2020, and having been duly sworn, and having reviewed and considered Respondent's Motion for Summary Judgment, Claimant's Response to Respondent's Motion for Summary Judgment, the pleadings, and all other documents, proofs, and allegations submitted by Claimant Brian Wynder, pro se, and Respondent JP Morgan Chase Bank, through its attorney Amanda D. Proctor, Esq. of Carlton Fields, P.A., do hereby find and AWARD, as follows:

### INTRODUCTION

The claims and counterclaim in this case involve a consumer credit transaction whereby Claimant purchased a 2018 Land Rover (VIN No.: SALYB2RX2JA731588) (the "Vehicle") on November 3, 2020, from Hennessy Jaguar Land Rover Buckhead (the "Dealership") for $56,470.52. Claimant financed his purchase via a Retail Installment Sale Contract (the "Contract") where he agreed to make seventy-two payments in the amount of $909.75 each. The Dealership then assigned the Contract to Respondent. Claimant paid a total of $960.57 to Respondent in connection with the Contract and has retained possession of the Vehicle.

Claimant asserts six (6) causes of action against Respondent and Respondent asserts counterclaims for breach of contract and its costs of arbitration. Each claim and the counterclaim are discussed below.

### *CLAIM 1: BREACH OF CONTRACT*

The Contract was properly executed by the Claimant on November 3, 2020, and then lawfully assigned to Respondent with all rights and obligations associated therewith. For Claimant to prevail on his claim, he must show there was a valid contract, that there was a material breach of the terms, and that he suffered damages as a result of the breach. *TDS Healthcare Sys. Corp. v. Humana Hosp. Illinois, Inc.*, 880 F. Supp. 1572, 1583 (N.D. Ga. 1995). Claimant did not present sufficient evidence to show Respondent breached the Contract. Moreover, Claimant took steps to ratify the Contract by taking

possession of the Vehicle and making a payment towards the purchase price.

### CLAIM 2: F.C.R.A. (15 USC § 1681s-2(b)

Claimant's claim under the F.C.R.A. (i.e., the Fair Credit Reporting Act) fails as a matter of law. For Claimant to prevail, he must show Respondent provided (1) inaccurate or incomplete information to the reporting agency; and (2) that Respondent's investigation was unreasonable. *Milgram v. Chase Bank USA, N.A.*, 72 F.4th 1212, 1218 (11th Cir. 2023). While the parties might disagree as to whether Respondent provided inaccurate or incomplete information to a credit reporting agency, Claimant fails to satisfy the second prong, which requires evidence to show Respondent's investigation of its reporting to the credit agencies was unreasonable. Since both prongs must be satisfied, Claimant is unable to prove a claim under the FCRA.

### CLAIM 3: UNIFORM DECEPTIVE TRADE PRACTICES (O.C.G.A § 10-1-372(a)(2) & O.C.G.A. § 10-1-372(12))

Claimant admits in his Response Brief that this matter involves a consumer transaction. The 11th Circuit held that the Uniform Deceptive Trade Practices Act (the "UDTPA") has a "commercial, rather than consumer application." *Deotare v. Wells Fargo Bank, N.A.*, No. 1:17-CV-699-WSD, 2018 WL 1470897, at *9 (N.D. Ga. Mar. 26, 2018). (citing *Kason Industries, Inc. v. Component Hardware Group, Inc.*, 120 F.3d 1199, 1204 (11th Cir. 1997)). Since this matter involves a consumer transaction, the UDTPA claim fails as a matter of law.

### CLAIM 4: FAIR BUSINESS PRACTICES ACT (O.C.G.A. § 10-1-393(a)(b)(2)) & O.C.G.A. § 10-1-393(a0(b)(5))

Claimant's claim under the Fair Business Practices Act (the "FBPA") fails as a matter of law since the Contract at issue is subject to the Truth in Lending Act, which provides consumers with alternative protections. *Chancellor v. Gateway Lincoln-Mercury, Inc.*, 233 Ga. App. 38, 43 (1998) ("The General Assembly intended that the Georgia FBPA have a restricted application only to the unregulated consumer marketplace and that [the] FBPA does not apply in regulated areas of activity, because regulatory agencies provide protection or the ability to protect against the known evils in the area of the agency's expertise.").

### CLAIM 5: MISREPRESENTATION (O.C.G.A. § 51-6-2)

Claimant asserts essentially two causes of action in support of his claim for misrepresentation. The first cause pertains to Respondent's alleged misrepresentations concerning the nature and character of the Contract. The second cause alleges Respondent failed to provide complete and accurate information to the credit reporting agencies.

With regards to the first cause, Claimant argues Respondent improperly characterized the transaction to purchase the Vehicle as a loan, which conflicts with the terms of the Contract. Claimant presented insufficient evidence to show that the use of the term "loan" would invalidate his obligations under the

*Brian Wynder v. JP Morgan Chase Bank*
*AAA Case No. 01-23-0000-0718*

Contract. Claimant agreed to the terms of the Contract and was well aware of his obligations to make payments towards the purchase of the Vehicle. The Contract's terms are explicit and unambiguous, and there is insufficient evidence to suggest Respondent made misrepresentations.

Claimant's second cause fails since claims for reporting incomplete and inaccurate information are preempted under the Fair Credit Reporting Act. 15 U.S.C. § 1681t(b)(1)(F).

### CLAIM 6: NEGLIGENCE (O.C.G.A. § 51-1-2)

Claimant asserts Respondent was negligent for not conducting a proper investigation to ensure that complete and accurate information was being reported to third parties and consumer reporting agencies. Like Claimant's second cause of action under his misrepresentation claim, the claim of negligence is preempted by the FCRA. 15 U.S.C. § 1681t(b)(1)(F). Therefore, Respondent is not liable to Clamant under a theory of negligence.

### COUNTERCLAIM: BREACH OF CONTRACT

Respondent presented sufficient evidence to show Claimant breached the Contract for failing to make adequate and timely payments according to the terms of the Contract. Respondent also presented sufficient evidence of the amount due under the Contract. Claimant is thus liable to Respondent under the Contract in the amount of $57,105.65, which represents the total principal, late fees, and interest on the principal balance.

### COUNTERCLAIM: ATTORNEY'S FEES AND COSTS OF ARBITRATION

Respondent states it is entitled to recover its attorney's fees and costs of arbitration pursuant to the terms of the Agreement and the FCRA based on Claimant's frivolous claims. The arbitration clause in the Agreement states as follows:

> We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law.

The FCRA provides that a "court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper" if the court finds that an "unsuccessful" pleading, motion, or other paper "was filed in bad faith or for purposes of harassment." 15 U.S.C. §§ 1681n(c), 1681o(b). "Bad faith" as used in this context requires a showing that a party "either had subjective bad faith or filed an action that was frivolous, unreasonable or without foundation." *Dabney v. Gerald E. Moore & Assocs.*, No. 4:11-CV-0156-HLM-WEJ, 2011 WL 13318726, at *5 (N.D. Ga. Dec. 19, 2011).

*Brian Wynder v. JP Morgan Chase Bank*
AAA Case No. 01-23-0000-0718

In this case, Claimant bargained for and received the Vehicle he failed to pay for. He then kept the Vehicle and claimed $85,000.00 in damages. Claimant's claims and defenses are frivolous, which required Respondent to incur unnecessary attorney's fees and arbitration costs. Respondent provided sufficient proof of its reasonable attorney's fees and actual costs incurred. Claimant unsuccessfully argued his claims were not frivolous and did not present any evidence to show Respondent's attorney's fees and costs of arbitration were unreasonable. Therefore, Respondent is entitled to recoup its attorney's fees and arbitration costs.

## **CONCLUSION**

THREFORE, I hereby AWARD as follows:

1. The Respondent is the prevailing party and Claimant takes nothing for his claims.

2. The Claimant shall pay to Respondent the sum of $57,105.65 due to Claimant's Breach of Contract.

3. The Claimant shall pay to Respondent the sum of $26,969.90 for the attorney's fees Respondent incurred in connection with this arbitration.

4. The administrative fees of the American Arbitration Association (the "AAA") totaling $1,400.00 and the compensation of the Arbitrator totaling $1,500.00 shall be borne by the Claimant. Therefore, the Claimant shall reimburse the Respondent the sum of $2,900.00 for the administrative fees of the AAA and the compensation of the Arbitrator.

The above sums are to be paid on or before thirty (30) days from the date of this Award.

This Award is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.

Dated: January 9, 2024.

_____
Bruce W. Bennett
Arbitrator

Verified by signNow
01/09/2024 20:42:40 UTC
03442828bbdc4761ac89

Page 4 | 4