# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, N.A., | ) | |
| | ) | |
| Petitioner, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | FILE NO. |
| | ) | |
| BRIAN WYNDER II | ) | (AAA Case No. 01-23-0000-0718) |
| | ) | |
| Respondent. | ) | |

## JPMORGAN CHASE BANK, N.A.'S PETITION TO CONFIRM ARBITRATION AWARD AND FOR ENTRY OF FINAL JUDGMENT

Petitioner JPMorgan Chase Bank, N.A. ("JPMC"), pursuant to 9 U.S.C. § 9, petitions and moves this Court for (1) confirmation of the final Arbitration Award (the "Award") entered by Arbitrator Bruce W. Bennett in the American Arbitration Association proceeding styled *Brian Wynder v. JPMorgan Chase Bank*, Case No. 01-23-0000-0718 (the "Arbitration Proceeding"), and (2) entry of a final judgment of the confirmed Award in JPMC's favor and against Respondent Brian Wynder II. As support, JPMC states as follows:

This is a petition to confirm the Award pursuant to 9 U.S.C. § 9 of the Federal Arbitration Act and applicable law—and in accordance with the parties' agreement to arbitrate contained in the parties' Retail Installment Sale Contract (the "Contract")

138299314.1

in connection with Wynder's purchase of a vehicle on credit. A copy of the Contract and assignment to JPMC are attached as **Exhibit 1.**

## PARTIES, JURISDICTION, AND VENUE

1. Petitioner JPMC is a national association and is chartered pursuant to the laws of the United States of America, with its designated main office in Columbus, Ohio. JPMC, therefore, is a citizen of Ohio, pursuant to 28 U.S.C. § 1348.

2. Respondent Brian Wynder II ("Wynder") is an individual residing and domiciled in Atlanta, Georgia, located in Fulton County. Wynder, therefore, is a citizen of Georgia.

3. This Court has diversity jurisdiction over this Petition pursuant to 28 U.S.C. § 1332(a)(1) because JPMC and Wynder are citizens of different states and the amount in controversy exceeds $75,000.[1]

---

[1] Following the Supreme Court's decision in *Badgerow v. Walters*, 142 S.Ct. 1310, 1320 (2022), a district court deciding a petition to confirm an arbitration award is required to have jurisdiction based on the petition itself and may no longer "look through" to the underlying arbitration dispute for purposes of establishing jurisdiction. This petition satisfies the *Badgerow* test: JPMC seeks to confirm an award in excess of $75,000 between citizens of different states. Accordingly, the Court has jurisdiction. *See also Boustead Securities LLC v. Unation, Inc.*, 2023 WL 2374074, at *1 (M.D. Fla. Mar. 6, 2023) (granting petition to confirm arbitration award and finding independent jurisdiction "because the parties are completely diverse and the petition seeks confirmation of an award of more than $75,000.").

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Wynder resides in Fulton County and a substantial part of the events or omissions giving rise to the claim occurred in this district.

**STATEMENT OF FACTS**

5. On or around January 31, 2023, Wynder commenced the Arbitration Proceeding against JPMC, filing a Demand for Arbitration with the American Arbitration Association ("Wynder's Claims"), and alleging that JPMC breached the Contract by allegedly misrepresenting the nature of the transaction and reporting inaccurate or incomplete information regarding the debt owed under the Contract to credit reporting agencies.

6. On May 3, 2023, JPMC denied Wynder's allegations and filed a Counterclaim in the Arbitration Proceeding, seeking damages against Wynder for his failure to pay amounts due and owing under the terms of the Contract (the "Counterclaim").

7. Thereafter, the Arbitrator permitted JPMC and Wynder to engage in discovery, including interrogatories and document productions, as part of the Arbitration Proceeding.

8. JPMC then filed a Motion for Summary Judgment on Wynder's Claims and the Counterclaim.

138299314.1

9. On January 9, 2024, the Arbitrator in the Arbitration Proceeding granted JPMC's Motion and rendered the Award. A true and correct copy of the Award is attached as **Exhibit 2.**

10. The Award provides that it is "in full settlement of all claims submitted to this Arbitration." Specifically, the Arbitrator found against Wynder and for JPMC in the Award, ruling that:

- "[JPMC] is the prevailing party and [Wynder] takes nothing for his claims";

- "[Wynder] shall pay to [JPMC] the sum of $57,105.65 due to [Wynder's] Breach of Contract";

- "[Wynder] shall pay to [JPMC] the sum of $26,969.90 for the attorney's fees [JPMC] incurred in connection with this arbitration"; and

- "The administrative fees of the [AAA] totaling $1,400.00 and the compensation of the Arbitrator totaling $1,500.00 shall be borne by [Wynder]. Therefore, [Wynder] shall reimburse [JPMC] the sum of $2,900.00 for the administrative fees of the AAA and the compensation of the Arbitrator."

Ex. 2 at p. 4 of 4.

11. Pursuant to the Award, Wynder was required to pay the total sum of $86,702.55, "on or before thirty (30) days from the date of th[e] Award." *Id.*

12. Wynder has not sought to vacate, correct, or modify the Award as provided for under 9 U.S.C. §§ 10 and 11—nor is there any basis supporting such a challenge.

13. Despite the Award's determination that JPMC is entitled to recover $86,702.55, Wynder, to date, has refused to pay the amount due to JPMC pursuant to the Award.

14. Instead, Wynder attempted to discharge his obligations through the payment of a $21.00 money order.

15. JPMC received the money order and stamped it for deposit. However, JPMC never deposited the money order and returned it to Wynder.

16. Because there is no bona fide dispute as to the amount of the outstanding debt and the Amount of the Award, Wynder's frivolous and bad faith attempts to discharge his obligations are not enforceable.

17. The arbitration agreement in the Contract provides that the Award "will be final and binding on all parties." JPMC requests entry of an order confirming the Award and entry of a final judgment in its favor.

## **MEMORANDUM OF LAW**

18. This matter was decided in binding arbitration in accordance with the provisions of the Federal Arbitration Act, 9 U.S.C. § 1, et seq. (the "FAA").

138299314.1

19. The FAA "reflects a national policy in favor of arbitration agreements" and there is a "'presumption under the FAA that arbitration awards will be confirmed.'" *See McLaurin v. Terminix Int'l. Co., LP*, 13 F.4th 1232, 1238 (11th Cir. 2021).

20. In furtherance of this goal, the FAA carefully limits judicial intervention in matters resolved through arbitration. S̲. *Commc'ns Servs., Inc. v. Thomas*, 829 F. Supp. 2d 1324, 1331 (N.D. Ga. 2011), *aff'd*, 720 F.3d 1352 (11th Cir. 2013).

21. Pursuant to Section 9 of the FAA, courts must confirm arbitration awards obtained pursuant to valid arbitration agreements unless one of the limited bases for vacation, modification, or correction has been established. Specifically, the FAA provides four statutory bases to vacate an arbitration award.

22. An award may be vacated only where (1) it was procured by corruption, fraud, or undue means, (2) there was evident partiality or corruption in the arbitrators, (3) the arbitrator was guilty of specified misconduct, or (4) the arbitrator exceeded her power or improperly executed her power. *See* 9 U.S.C. §§ 10(a)(1)-(4).

23. Similarly, an award may be modified in the following circumstances: (1) there is an evident miscalculation of figures or an evidence material mistake of any person, thing, or property referred to in the award; (2) the arbitrators have issued an award in a matter not submitted to them, unless it is a matter not affecting the

merits of the decision upon the matter submitted; or (3) the award is imperfect in matter of form not affecting the merits of the controversy. *See* 9 U.S.C. §§ 11(a)-(c).

24. Pursuant to the terms of the FAA, "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12.

25. In the Eleventh Circuit, defenses to a motion to confirm arbitration are limited to those grounds set forth in Sections 10 and 11 of the statute. *McLaurin*, 13 F.4th at 1238 (citing *Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1324 (11th Cir. 2010)). Here, none of the limited circumstances occurred.

26. Wynder commenced the Arbitration Proceeding in accordance with the Contract.

27. Wynder argued his case in his complaint, two amended complaints, and response to JPMC's Motion for Summary Judgment. Taking all of this into account, the Arbitrator entered a reasoned Award in JPMC's favor based on the evidence.

28. Wynder did not file or serve notice of a motion to vacate, modify, or correct the Award within the time frame prescribed by the FAA.

29. Further, Wynder cannot demonstrate corruption, fraud, undue means, partiality, or that the Arbitrator exceeded his powers in the proceedings or in the issuance of the Award.

138299314.1

30. Accordingly, JPMC seeks (1) confirmation of the Award; (2) post-award, prejudgment interest (*see Harris v. NCR Corp.*, No. 1:22-CV-00714-SDG, 2024 WL 4713573, at *2 (N.D. Ga. Nov. 7, 2024); and (3) entry of a final judgment against Wynder pursuant to 9 U.S.C. § 9.

## CONCLUSION

WHEREFORE, JPMC respectfully requests that this Court confirm the Arbitrator's Award and enter a final judgment in its favor and against Wynder in the amount of $86,975.55 and statutory post-award, pre-judgment interest to be calculated on the date of confirmation.

Respectfully submitted this 6th day of January, 2025.

**CARLTON FIELDS, P.A.**

*/s/ Amanda D. Proctor*
Amanda D. Proctor
Georgia Bar No. 776848
1230 Peachtree Street, N.E., Suite 900
Atlanta, Georgia 30309
(404) 815-3400
(404) 815-3415 (fax)
aproctor@carltonfields.com

***Attorney for JPMorgan Chase Bank, N.A.***

138299314.1